**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4624**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WARREN MITCHELL COOPER,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-02-1018)

─────────────

Submitted: January 30, 2004          Decided: June 22, 2004

─────────────

Before WIDENER, MOTZ, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Warren Mitchell Cooper pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2000). Cooper was sentenced as an armed career offender to 190 months of imprisonment, to be followed by five years of supervised release.

Cooper's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but raising two potential issues: (1) whether the magistrate judge fully complied with Fed. R. Crim. P. 11 before entering Cooper's guilty plea, and (2) whether the district court erred in enhancing Cooper's sentence as an armed career offender by counting his two prior convictions for failing to stop for a blue light as crimes of violence. Cooper was advised of his right to file a pro se supplemental brief, but declined to do so.

We have reviewed the record and conclude that the magistrate judge fully complied with the requirements set forth in Rule 11 before entering Cooper's guilty plea. Further, we have recently held that a prior conviction for failing to stop for a blue light is a violent felony for purposes of the armed career offender enhancement. <u>United States v. James</u>, 337 F.3d 387, 390-91 (4th Cir. 2003), <u>cert. denied</u>, ___ S. Ct. ___, No. 03-7639, 2004 WL

47340 (Jan. 12, 2004).  Therefore, counsel's arguments are without merit.

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm Cooper's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>