Rehearing granted, March 31, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 03-4551**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEMP SHIDER,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (CR-02-123)

―――――――――

Submitted:  September 29, 2004       Decided:  December 6, 2004

―――――――――

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

James H. Moss, MOSS, KUHN & FLEMING, P.A., Beaufort, South
Carolina, for Appellant.  J. Strom Thurmond, Jr., United States
Attorney, Miller W. Shealy, Jr., Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kemp Shider pled guilty before a magistrate judge to conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack), 21 U.S.C. § 841(a), (b)(1)(A) (2000), and was sentenced to a term of 360 months imprisonment. Shider contends on appeal that his guilty plea violated Article III of the Constitution and that the magistrate judge failed to comply with Rule 11 of the Federal Rules of Criminal Procedure. He challenges the district court's factual findings that he was a leader in the conspiracy and possessed a firearm during the conspiracy, and claims that the court erred in computing his criminal history. U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(1), 3B1.1(a), 4A1.1(d) (2002). Shider also alleges that he received ineffective assistance in connection with his sentencing. We affirm.

First, we perceive no defect in Shider's guilty plea. Shider consented orally and in writing to have the magistrate judge conduct his guilty plea hearing. He now maintains that the proceeding before the magistrate judge violated Article III of the Constitution. He further claims that he was never informed of his right to have a de novo guilty plea before a district court judge. We find no merit in these claims. We have held that the Federal Magistrates Act, 28 U.S.C.A. §§ 631-639 (West 1993 & Supp. 2004), authorizes a magistrate judge to conduct Rule 11 proceedings.

- 2 -

United States v. Osborne, 345 F.3d 281, 285 (4th Cir. 2003) (holding that taking a guilty plea is permissible as "additional duty" for magistrate judge and that de novo review by a district court is not required unless parties so demand). Shider made no objection to the plea colloquy conducted by the magistrate judge and did not request review, although the magistrate judge informed him during the Rule 11 hearing that he had a right to proceed before a district court judge.

Shider also claims that the magistrate judge failed to inquire adequately into the voluntariness of his guilty plea and failed to inform him accurately about the sentencing guidelines, about his right to review the presentence report, and about supervised release. However, the transcript of the Rule 11 hearing discloses that the magistrate judge explained the guidelines and supervised release to Shider. The magistrate judge inquired into the voluntariness of Shider's guilty plea as required under Rule 11(a)(2). The Rule does not require that the court inform the defendant of his right to review the presentence report; in any event, Shider's attorney stated at sentencing that he had reviewed the presentence report with Shider.

Because Shider did not object in the district court to his criminal history or other aspects of his sentence calculation, his sentencing claims are reviewed for plain error. Under the plain error test, United States v. Olano, 507 U.S. 725, 732-37

(1993), the defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Id. at 732. Even when these conditions are satisfied, this Court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

Shider challenges the addition of two criminal history points under USSG § 4A1.1(d) for commission of the instant offense while on probation. He maintains that there was no information in the presentence report that established his participation in the conspiracy until after he completed his term of probation on November 6, 1997. However, in an interview with law enforcement authorities in July 1997, co-defendant Anthony Randolph reported that he sold crack for Shider. In his reply brief, Shider dismisses Randolph's allegation as irrelevant because, to avoid double counting, the probation officer did not use the drug quantities Randolph described to calculate Shider's base offense level. We disagree. Because the presentence report contained uncontested information about Shider's involvement in the conspiracy while he was still on probation, the district court did not plainly err in awarding two criminal history points under § 4A1.1(d).

Shider next argues that no information in the presentence report supports the district court's finding that he was an

organizer or leader in the conspiracy. The presentence report contained ample evidence of Shider's prominence in the conspiracy. In particular, co-defendant Eron Overton described Shider as the second largest drug dealer in Walterboro. Bennie Kelly said that Shider took over drug distribution in Walterboro when Kelly left. Kelly thereafter supplied Shider with kilogram quantities of cocaine, which Shider converted to crack for distribution in the Walterboro area. Shider also introduced Clay Robinson to a source from New York who supplied Robinson with two to four ounces of crack on several occasions during 1997. On these facts, we conclude that the district court did not plainly err in finding that Shider was a leader or organizer in the conspiracy.

The district court applied the two-level increase that must be made if the defendant possessed a firearm "unless it is clearly improbable that the weapon was connected to the offense." USSG § 2D1.1, comment. (n.3). The enhancement is intended to reflect "the increased danger of violence when drug traffickers possess weapons." Id. Shider argues that the enhancement is unwarranted because the firearm he possessed was registered, he had a permit to carry it, and there is no information in the presentence report that he ever used the gun. However, because there is sufficient evidence in the record that Shider possessed the firearm while in furtherance of the conspiracy, we are

satisfied that the district court did not plainly err in making the enhancement.

Shider contends that his attorney was ineffective in failing to file objections to the presentence report concerning his criminal history, the weapon enhancement, and the adjustment for leader role. He further claims that his attorney was ineffective in failing to challenge the quantity of drugs attributed to him and the drug transactions described in the presentence report. Claims of ineffective assistance are not generally reviewed on direct appeal. To succeed in a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the fact of the record that counsel provided ineffective representation. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 124 S. Ct. 1111 (2004). We conclude that the record in this case does not conclusively demonstrate that Shider's attorney rendered ineffective assistance.

Finally, in his reply brief, Shider argues that the district court erred in making factual findings that increased his sentence, citing the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). We disagree, having recently held that Blakely "does not affect the operation of the federal sentencing guidelines." United States v. Hammoud, ___ F.3d ___, 2004 WL 2005622, at *28 (4th Cir. Sept. 8, 2004) (en banc).

- 6 -

We therefore affirm the conviction and sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>