**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 04-4381

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY THOMAS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Fox, Senior District Judge. (CR-94-75)

———————————

Submitted:  May 25, 2005                Decided:  June 9, 2005

———————————

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Terry F. Rose, Smithfield, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Johnny Thomas appeals the district court's order revoking his supervised release and sentencing him to twenty-one months' imprisonment following repeated violations of his supervised release. In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Thomas claims that the district court abused its discretion in revoking Thomas' supervised release and that Thomas was subjected to ineffective assistance of counsel.

This court reviews a district court's revocation of supervised release for an abuse of discretion. See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2004); Johnson v. United States, 529 U.S. 694, 700 (2000). Thomas conceded the Government's allegations of his continuing involvement in criminal activity at the revocation hearing and likewise conceded that he was in violation of his supervised release. We have independently reviewed the record and conclude there was ample evidence from which the district court could find Thomas in violation of his supervised release and further, that the court properly imposed a

sentence of twenty-one months' imprisonment.* Accordingly, we deny relief on this claim.

This court will not consider Thomas' ineffective assistance of counsel claim on direct appeal "unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 124 S. Ct. 1111 (2004). Our review of the record discloses no evidence that Thomas was subjected to ineffective assistance of counsel. Accordingly, we likewise deny relief on this claim.

Finally, we have reviewed and found meritless Thomas' supplemental claims regarding the validity of his seizure, the use of alleged hearsay testimony at the revocation hearing, and the assertion that his supervised release term expired prior to the revocation hearing.

Finding no meritorious issues upon our review of the record, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

---

*Because the sentencing guidelines relating to revocation of supervised release have always been advisory, see Sentencing Guidelines Manual, Ch. 7, Pt. A, the sentence in this appeal is not impacted by the decision in United States v. Booker, 125 S. Ct. 738 (2005).

Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
