**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4587

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALONZO MARVIN BROWN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., District Judge.  (CR-01-462)

Submitted:  June 17, 2005                    Decided:  July 14, 2005

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Johnny E. Watson, Sr., Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alonzo M. Brown, Jr., appeals the district court's order sentencing him to 180 month's imprisonment following his guilty plea to conspiring to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Finding no error, we affirm.

In his appeal, filed pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Brown claims that the district court erred in accepting Brown's plea because the Government coerced him into pleading guilty. As this claim was not preserved in the district court, we review for plain error. Brown was specifically asked by the district court whether he was coerced or otherwise threatened to plead guilty, and he responded negatively. Absent a compelling reason to find otherwise, Brown's representations at the plea hearing are binding. See Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996). We find no compelling reason in the record before us to disregard Brown's sworn statements. Accordingly, we deny this claim.

Brown next claims he was wrongfully convicted of a conspiracy spanning from 1995 to 2001 because no evidence was proffered demonstrating his continuing involvement in the conspiracy beyond 1996. The district court advised Brown of the scope of the charge he was pleading guilty to, including the range of dates encompassed by the charged conspiracy, and Brown indicated he understood the charge. Moreover, a defendant "is presumed to

continue in a conspiracy until he withdraws from the conspiracy by affirmative action." United States v. Barsanti, 943 F.2d 428, 437 (4th Cir. 1991) (citation omitted).  Brown has offered no evidence to demonstrate he withdrew from the conspiracy.  Accordingly, we deny this claim.

Brown next claims he was denied a speedy trial on the basis of the Government's delay in obtaining the indictment.  The Fifth Amendment's Due Process Clause protects against pre-accusation delay.  United States v. Lovasco, 431 U.S. 783, 789 (1977).  To establish a Fifth Amendment violation, a defendant must first show actual prejudice.  Id. at 790; Howell v. Barker, 904 F.2d 889, 894-95 (4th Cir. 1990).  Here, Brown fails to show that there was any resulting prejudice from the delay.  Brown claims that because he continued to engage in unrelated criminal activity between 1996 and the instant indictment, he was prejudiced by a higher criminal history category.  We find this argument utterly unpersuasive.  Further, Brown suffered no actual prejudice because his unrelated criminal activity in 1996 and afterward did not change his criminal history category.  As a consequence, we deny this claim.

Finally, Brown claims he was subjected to ineffective assistance of counsel.  This court will not consider such a claim on direct appeal "unless counsel's ineffectiveness conclusively appears on the record."  United States v. James, 337 F.3d 387, 391

(4th Cir. 2003), <u>cert. denied</u>, 124 S. Ct. 1111 (2004).  We do not find such conclusive evidence with regard to this case.  Accordingly, we decline to consider this claim.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>