**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-4754
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN KEITH MERCER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville. Lacy H. Thornburg,
District Judge. (CR-03-77; CR-04-49)

_____

Submitted: July 27, 2005          Decided: August 15, 2005

_____

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Kyle W. King, Asheville, North Carolina, for Appellant. Gretchen
C. F. Shappert, United States Attorney, Charlotte, North Carolina;
Don D. Gast, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Brian Keith Mercer appeals his sentence following a conviction by jury trial of one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000), and aiding and abetting bank robbery, in violation of 18 U.S.C. § 2 (2000), in addition to a subsequent guilty plea to two additional counts of bank robbery. Deemed a career offender pursuant to United States Sentencing Guidelines Manual § 4B1.1 (2003), Mercer was sentenced to 210 months' imprisonment on each count of bank robbery, to be served concurrently. He appeals, claiming his counsel was ineffective and the district court's imposition of his sentence was unreasonable.

This court will not consider Mercer's ineffective assistance of counsel claim on direct appeal "unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). If the record does not conclusively establish ineffective assistance, a prisoner must bring his claim in a 28 U.S.C. § 2255 (2000) motion. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Our review of the record discloses no evidence that Mercer was subjected to ineffective assistance of counsel. Therefore, we decline to consider this claim on direct appeal.

In addition, Mercer signed a plea agreement in which he waived his rights to contest his conviction and sentence on all

bases except ineffective assistance of counsel, prosecutorial misconduct, and sentencing guidelines issues inconsistent with the plea agreement or of an unanticipated nature requiring the district court to certify review by this court. Whether the defendant has effectively waived his right to appeal is an issue we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). When the United States seeks to enforce a waiver provision, as it does here, this court "will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 170-73 (4th Cir. 2005).

Here, the court queried Mercer and his attorney with regard to the plea agreement in general, and Mercer agreed to the specific appellate waiver provision. In addition, both Mercer and his attorney acknowledged they understood all the terms of the agreement. The court found Mercer entered the plea "knowingly and voluntarily," understanding "the charges, potential penalties and consequences of said plea." Finally, we find that the meaning of the plea agreement and the waiver provision is clear. We conclude, therefore, the waiver is valid.

Furthermore, we find no merit to Mercer's contention that his sentence for the jury conviction, which was not a part of the plea agreement and thus not included in the waiver provision, was

unreasonable. We therefore affirm Mercer's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED