**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4041**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH EDWARDS, III,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (CR-03-377-WDQ)

---

Submitted:  November 17, 2005          Decided:  November 22, 2005

---

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed in part, and dismissed in part by unpublished per curiam opinion.

---

Thomas McCarthy, Jr., MCCARTHY & MCCARTHY, LLC, Annapolis, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Edwards, III, pled guilty, pursuant to a plea agreement, to conspiracy to distribute fifty grams or more of cocaine base within 1000 feet of a public housing facility under 21 U.S.C. § 860(a) (2000). In his plea agreement, he waived his right to appeal his Federal Sentencing Guidelines sentence, except for an upward departure of his sentencing range. Edwards was sentenced below his Guideline range to 121 months of imprisonment. On appeal, Edwards' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging there are no meritorious issues for appeal and conceding that Edwards' appeal of his sentence is precluded by our recent decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). Counsel suggests, however, that perhaps he provided ineffective assistance by failing to encourage Edwards to attempt to withdraw his plea following the Supreme Court's opinion in Blakely v. Washington, 542 U.S. 296 (2004). Despite notice, Edwards has not filed a pro se supplemental brief. For the reasons that follow, we dismiss in part, and affirm in part.

We dismiss Edwards' appeal of his sentence as the record reveals he knowingly and voluntarily waived his to appeal his sentence. Where, as here, the United States seeks enforcement of a waiver, and there is no claim that the Government breached its obligations under the plea agreement, we will enforce the waiver to

preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver. Blick, 408 F.3d at 168.

We do not find that Edwards' counsel provided ineffective assistance by failing to seek withdrawal of Edwards' plea following the Supreme Court's opinion in Blakely and its subsequent application of Blakely to the Federal Sentencing Guidelines in United States v. Booker, 125 S. Ct. 738 (2005). In Blick, this court rejected the claim that a defendant's plea was rendered invalid because the Supreme Court's later opinion in Booker found the mandatory Sentencing Guidelines unconstitutional. Blick, 408 F.3d at 170; see also United States v. Johnson, 410 F.3d 137, 152-53 (4th Cir. 2005) (rejecting Johnson's argument that a defendant cannot waive the right to an appeal based on subsequent changes in the law). Thus, we do not find ineffective assistance of counsel conclusively appearing on the record, as required to establish such a claim on direct appeal. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 540 U.S. 1134 (2004). Accordingly, we affirm as to this claim.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We deny counsel's motion to withdraw, and note that counsel must inform Edwards, in writing, of his right to petition

the Supreme Court of the United States for further review.  If Edwards requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Edwards.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>DISMISSED IN PART</u>

- 4 -