**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4861**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRANCE RUDDALL EVANS, a/k/a Terrence Russell
Evans,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, District
Judge.  (CR-04-447)

———————————

Submitted:  March 29, 2006          Decided:  April 12, 2006

———————————

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury,
Jr., Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Terrance Ruddall Evans appeals the district court's judgment entered pursuant to his guilty plea to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (2000). Evans' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Although informed of his right to file a pro se supplemental brief, Evans has not done so. Finding no reversible error, we affirm.

Evans claims that the district court erred when it designated him an armed career criminal. A defendant convicted of violating § 922(g) qualifies as an armed career criminal under 18 U.S.C. § 924(e) if he has three prior convictions for a violent felony. The definition of "violent felony" includes any felony that has as an element the use of physical force or involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B).

Evans has three prior convictions for violent felonies. In 1997, Evans was convicted in North Carolina of felony assault with a deadly weapon on a law enforcement officer. In 2002, Evans was convicted in North Carolina of common law robbery. See State v. Herring, 370 S.E.2d 363, 368 (N.C. 1988) (holding that the crime of common law robbery consists of taking property of another by means of violence or fear). In 2002, Evans was convicted in

North Carolina of felony flight to elude arrest after he drove recklessly in an attempt to elude a police traffic stop. <u>See</u> <u>United States v. James</u>, 337 F.3d 387 (4th Cir. 2003) (finding failure to stop for a blue light constitutes a violent felony.) The district court correctly determined that Evans was an armed career criminal.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Evans' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>