**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4684**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CURTIS BURSTON, JR.,

Defendant - Appellant.

---

**No. 05-4692**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MUHAMMED MAHDEE ABDULLAH,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CR-04-371)

---

Submitted: July 24, 2006                Decided: August 22, 2006

---

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina; H. Gerald Beaver, Fayetteville, North Carolina, for Appellants. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, Curtis Burston, Jr., and Muhammed Mahdee Abdullah appeal their convictions and sentences. After a jury trial, both Appellants were found guilty of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base and 500 grams of cocaine, in violation of 21 U.S.C. § 846 (2000), and one count of distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1)(2000). Burston was also convicted of one count of unlawful use of a communication device, in violation of 21 U.S.C. § 843(b)(2000). Finding no reversible error, we affirm.

Both Appellants claim the district court erred in denying the motion to suppress evidence seized pursuant to a search warrant after the police conducted a protective sweep of the residence. In considering the district court's denial of a motion to suppress, we review legal conclusions de novo, while reviewing factual findings for clear error. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Evidence is viewed in the light most favorable to the party who prevailed in the district court. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). We find the district court did not err in finding there was sufficient evidence for a reasonably prudent officer to believe the area to be swept harbors an

individual posing a danger to those on the arrest scene. Maryland v. Buie, 494 U.S. 325, 334 (1990).

Abdullah claims the evidence was insufficient to show he conspired with Burston to possess and distribute cocaine base or crack cocaine. The Government concedes this issue but notes Abdullah does not challenge the jury finding that he was responsible for 500 grams of cocaine powder. As a result of that finding and because Abdullah was subjected to an increased statutory sentence because of a prior felony drug conviction, his maximum statutory sentence is still life imprisonment. Accordingly, any error was harmless.

Abdullah also claims the district court erred because he was found to be a career offender. Abdullah claims the error lies in the fact that the two predicate convictions were consolidated at sentencing and only one judgment was entered. Prior sentences imposed in related cases are to be treated as one sentence for purposes of U.S. Sentencing Guidelines Manual § 4B1.1 (2004). See USSG §§ 4A1.2, comment. (n.3); 4B1.2, comment. (n.3). Nevertheless, prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. USSG § 4A1.2, comment. (n.3).

According to the Presentence Investigation Report ("PSR"), Abdullah was arrested on January 12, 1993, for felony possession with intent to sell and deliver cocaine. On April 10,

1993, Abdullah attempted to kill another by firing a pistol. He was charged with felony assault with a deadly weapon. In a consolidated proceeding, Abdullah pled guilty to both charges and was sentenced to five years' imprisonment. At sentencing, Abdullah did not object to the facts concerning the prior convictions. He did not challenge the finding that the convictions were separated by an intervening arrest. Because Abdullah did not make an affirmative showing as to why the facts regarding the two convictions are inaccurate, the court was free to adopt the findings. United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

Abdullah also claims the district court erred regarding drug quantity and possession of a firearm. Both findings increased his offense level. We have reviewed the PSR and the testimony at sentencing and find no error. United States v. Caplinger, 339 F.3d 226, 235-36 (4th Cir. 2003) (stating standard).

Burston claims the district court erred in attributing a prior felony conviction in the name of David Brown to him. We find the court's decision was not in error. We also find the district court did not err in sentencing Burston on the basis of crack cocaine. The trial evidence supported this finding and the court was not authorized to consider the sentencing disparity between crack cocaine and cocaine powder. United States v. Eura, 440 F.3d

625, 632-33 (4th Cir. 2006), <u>petition for cert. filed</u> (No. 05-11659) (June 20, 2006).

Burston claims counsel was ineffective for failing to challenge the sentence for crack cocaine. Because we find the issue without merit, counsel was not ineffective. Burston also challenges counsel's failure to successfully challenge the use of David Brown's prior conviction. Burston can only raise this issue on appeal if he can show conclusively from the face of the record counsel provided ineffective representation. <u>United States v. James</u>, 337 F.3d 387, 391 (4th Cir. 2003). We find the record does not conclusively demonstrate Burston's counsel was ineffective. This claim is better heard in a 28 U.S.C. § 2255 (2000) motion.

Both Appellants filed motions to file pro se supplemental briefs. While we grant the motions, we find the issues raised in the briefs are without merit.

Accordingly, we affirm the convictions and sentences. We also grant the motions to file pro se supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>