**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4668**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL TILLMAN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Chief District Judge. (3:05-cr-00942-JFA)

─────────────

Submitted:  January 8, 2007          Decided:  January 26, 2007

─────────────

Before NIEMEYER and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, C. Todd Hagins, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Tillman pled guilty to a one-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2000). Under the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2006), Tillman was sentenced to the statutorily-mandated minimum sentence of 180 months of imprisonment. He appeals his sentence, arguing: (1) his sentence was unconstitutionally enhanced because his prior convictions were not charged in the indictment or proven to the jury beyond a reasonable doubt, (2) his sentence was also unconstitutionally enhanced because specific attributes of his prior convictions (i.e., that the offenses were "violent felonies" committed on "occasions different from one another") were not charged nor proven to a jury, and (3) his South Carolina conviction for failure to stop for a blue light was improperly treated as a predicate "violent felony" for purposes of the ACCA. We affirm.

All of Tillman's arguments are foreclosed by controlling circuit precedent. Affirming the continued validity of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), this court has held that prior convictions may be used as the basis for an armed career criminal sentence and need not be charged in the indictment, admitted by the defendant during the plea colloquy, or proven to a jury beyond a reasonable doubt. <u>United States v. Cheek</u>, 415 F.3d 349, 352-54 (4th Cir.), <u>cert denied</u>, 126 S. Ct. 640

(2005).  This court has also ruled that the nature and occasion of prior offenses are facts inherent in the convictions and the government is not required to allege prior convictions in the indictment or submit proof of them to a jury.  <u>United States v. Thompson</u>, 421 F.3d 278, 285-87 (4th Cir. 2005).  Furthermore, in <u>United States v. James</u>, 337 F.3d 387, 390-91 (2003), we held that a conviction for failure to stop for a blue light pursuant to S.C. Code Ann. § 56-5-750 constitutes a violent felony for enhancement purposes under the ACCA.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>