**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4192**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNY SHANE MYERS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.   Lacy H. Thornburg, District Judge.  (1:05-cr-00023-12)

———————

Submitted:  November 30, 2006         Decided:  January 26, 2007

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Patrick B. Ochsenreiter, OCHSENREITER LAW FIRM, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Shane Myers pled guilty pursuant to a written plea agreement to one count of conspiring to manufacture and possess with intent to distribute over 1.5 kilograms of methamphetamine, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2006).

In his plea agreement, Myers waived the right to contest his conviction and sentence, with the exception of claims based on ineffective assistance of counsel or prosecutorial misconduct. Myers was sentenced to 135 months' imprisonment and timely appealed.

On appeal, Myers argues that he received ineffective assistance of counsel at sentencing because counsel failed to: (1) call the court's attention to the fact that in the period pending sentencing Myers had completed a forty-week drug rehabilitation program, and (2) request a downward departure based on this conduct. The Government has moved to dismiss the appeal, contending it is barred by the waiver of appellate rights in Myers' plea agreement.

When the Government seeks to enforce a waiver of appellate rights, and there is no claim that the Government breached the plea agreement, this court will enforce the waiver if the record establishes the defendant knowingly and intelligently agreed to waive the right to appeal, and the issue being appealed is within the scope of the waiver. United States v. Blick, 408

F.3d 162, 168-69 (4th Cir. 2005). "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005) (internal quotations and citations omitted).

Myers does not contend that the district court failed to adequately question him concerning the appellate waiver at his guilty plea hearing or that he did not otherwise understand the significance of the waiver. Rather, assuming the validity of the waiver, Myers contends that the issue he raises is outside the scope of waiver. We agree. Myers' plea agreement explicitly reserves the right to appeal based on ineffective assistance of counsel. Accordingly, the issue he seeks to raise on appeal is clearly outside the scope of the waiver.

Nonetheless, a claim of ineffective assistance of counsel is not cognizable on direct appeal unless the ineffective assistance appears conclusively from the face of the record. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). Here, counsel's decision not to argue for a downward departure based on completion of the drug rehabilitation program was not unreasonable; rather, counsel's decision reflects a strategic choice. Therefore

- 3 -

ineffective assistance of counsel does not appear conclusively from the record.  See Strickland v. Washington, 466 U.S. 668, 689-90 (1984).

Accordingly, while Myers' waiver of the right to appeal does not preclude him from bringing his appeal based on a claim of ineffective assistance of counsel, his ineffective assistance of counsel claim is nevertheless not cognizable on direct review.  We therefore affirm Myers' conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED