**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ivander JAMES, Jr., Defendant–Appellant.**

**No. 02–4742.**

United States Court of Appeals,
Fourth Circuit.

Argued: June 4, 2003.

Decided: July 21, 2003.

**ARGUED:** William Fletcher Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South

Carolina, for Appellee. J. **ON BRIEF:** Strom Thurmond, Jr., United States Attorney, Florence, South Carolina, for Appellee.

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by published opinion. Judge SHEDD wrote the opinion, in which Judge NIEMEYER and Judge GREGORY joined.

## OPINION

SHEDD, Circuit Judge:

Ivander James, Jr. appeals his conviction by a jury for possession of a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) and the enhancement of his sentence as an armed career criminal pursuant to § 924(e).[1] In a supplemental *pro se* brief, James also argued that his lawyer was ineffective for failing to raise several constitutional arguments regarding the armed career criminal enhancement. We affirm.[2]

### I.

James's challenge to the sufficiency of the evidence lacks all merit. *See United States v. Lomax,* 293 F.3d 701 (4th Cir. 2002). The government adduced substantial evidence at trial that James possessed the firearm that the police found in his vehicle after a high-speed chase. There was also sufficient evidence establishing the interstate commerce nexus. *See United States v. Nathan,* 202 F.3d 230 (4th Cir.2000).

### II.

James next argues that the district court erred by determining that his 1995 conviction for failure to stop for a blue light, S.C.Code Ann. § 56–5–750, constitutes a "violent felony" for purposes of the armed career criminal enhancement.

The armed career criminal statute at 18 U.S.C. § 924(e)(1) provides:

A person who violates section 922(g) [felon in possession of a firearm] of this title and has three previous convictions ... for a *violent felony* ... committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years .... (emphasis added).

The term "violent felony" is defined at § 924(e)(2)(B) as:

Any crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

**1.** James's appellate counsel initially filed an *Anders* brief. After the court ordered additional briefing, James's counsel filed a reply brief making a substantive argument regarding whether failure to stop for a blue light constitutes a violent felony. Because the court requested the additional briefing, this case is not governed by our rule that arguments not raised in the appellant's opening brief are typically deemed abandoned on appeal. *See, e.g., Edwards v. City of Goldsboro,* 178 F.3d 231 (4th Cir.1999).

**2.** We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

(ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* ... (emphasis added).

■ The first step in determining whether the crime of failure to stop for a blue light constitutes a "violent felony" under the armed career criminal statute is to establish whether it is a "crime punishable by imprisonment for a term exceeding one year." *See* § 924(e)(2)(B). This phrase excludes "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20)(B). Under South Carolina law, the crime of failure to stop for a blue light is punishable, for a first offense, by imprisonment for up to three years, so the first requirement of the definition of "violent felony" is met. *See* S.C.Code § 56–5–750(B)(1).

■ Next, we determine whether failure to stop for a blue light has any of the elements described in subsection (i) of § 924(e)(2)(B). The crime of failure to stop for a blue light has four elements: (1) that the defendant was driving a motor vehicle; (2) that he was driving it on a road, street, or highway of the State; (3) that he was signaled to stop by a law enforcement vehicle by means of a siren or flashing light; and (4) that he did not stop. *State v. Hoffman,* 257 S.C. 461, 186 S.E.2d 421 (1972). Subsection (i) does not apply here because failure to stop for a blue light does not have as an element "the use, attempted use, or threatened use of physical force against the person of another."[3]

We determine next whether failure to stop is one of the specific crimes listed under the first part of subsection (ii) of § 924(e)(2)(B). It is not. That part includes only "burglary, arson, [ ]extortion, [or a crime that] involves use of explosives."

■ Because the crime of failure to stop for a blue light does not fall under either subsection (i) or the first part of subsection (ii), it constitutes a "violent felony" only if it falls under the second part of subsection (ii), *i.e.,* the crime "otherwise involves conduct that presents a serious potential risk of physical injury to another." Whether a conviction satisfies this "otherwise clause" is "determined by a categorical approach, whereby the court looks only at the fact of conviction and the statutory definition of the offense, and not to the underlying facts of a specific conviction." *United States v. Thomas,* 2 F.3d 79, 80 (4th Cir.1993). Under this categorical approach, we must make "common-sense judgments about whether a given offense proscribes generic conduct with the potential for serious physical injury to another." *United States v. Custis,* 988 F.2d 1355, 1363 (4th Cir.1993).

We conclude that the crime of failure to stop for a blue light constitutes a "violent felony" for purposes of the armed career criminal enhancement. Applying the categorical approach, we find that failing to

---

**3.** When the elements of an offense indicate that it can be committed in two alternative ways, one that requires a finding that physical force was used, attempted, or threatened and the other that does not, the court may look beyond the fact of conviction and the elements of the offense to the charging papers (*e.g.,* the indictment) and jury instructions to decide whether the crime the defendant was convicted of fits within the definition of "violent felony." *See United States v. Coleman,* 158 F.3d 199 (4th Cir.1998) (determining that the defendant's prior conviction was a "violent felony" because he pled guilty to the type of assault that necessarily involved the use, attempted use, or threatened use of physical force as an element).

stop for a blue light generally proscribes conduct that poses the potential for serious injury to another.

Most cases of failing to stop for a blue light involve the deliberate choice by the driver to disobey the police officer's signal. This disobedience poses the threat of a direct confrontation between the police officer and the occupants of the vehicle, which, in turn, creates a potential for serious physical injury to the officer, other occupants of the vehicle, and even bystanders.[4]

### III.

James also argues that the district court erred by counting both of his 1988 burglary convictions as predicate offenses for purposes of the armed career criminal enhancement. He contends that the two crimes were not committed on occasions different from one another.

James burglarized two different stores in Bamberg, South Carolina, on the same day. The two stores were located across the street from one another.

■ To be subject to the armed career criminal enhancement, a felon in possession of a firearm must have three previous convictions for a violent felony "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The test for determining whether two convictions can be counted for purposes of the enhancement is whether each of the prior convictions arose out of a separate and distinct criminal episode. *United States v. Hobbs,* 136 F.3d 384, 387 (4th Cir.1998); *United States v. Letterlough,* 63 F.3d 332, 334 (4th Cir. 1995).

■ Even though James committed the two burglaries on the same day, his two convictions clearly arose out of separate and distinct criminal episodes. The first burglary was completed before the second started, each burglary occurred at a different location, and each involved a different victim. *See Letterlough,* 63 F.3d at 336–37. Thus, the district court properly applied the armed career criminal enhancement to James's sentence.

### IV.

In his supplemental *pro se* brief, James argues that his trial counsel was ineffective for failing to raise several constitutional attacks against the armed career criminal statute. Ineffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record. *United States v. King,* 119 F.3d 290 (4th Cir.1997). We reject this claim.

### V.

For the foregoing reasons, the judgment of the district court is affirmed.

*AFFIRMED*

---

4. We find the potential for injury in this crime analogous to the potential for injury presented in the crimes of escape, *see United States v.* Hairston, 71 F.3d 115 (4th Cir.1995), and pickpocketing, *see United States v. Mobley,* 40 F.3d 688 (4th Cir.1994).