**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4291**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARTY HERNDON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Matthew J. Perry, Jr., Senior District Judge. (CR-02-933)

_____

Submitted:  August 17, 2005          Decided:  August 29, 2005

_____

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John A. O'Leary, O'LEARY ASSOCIATES, P.A., Columbia, South Carolina, for Appellant.  J. Strom Thurmond, Jr., United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marty Herndon appeals his sentence imposed after a guilty plea, pursuant to written a plea agreement, for possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (2000). Finding no error, we affirm Herndon's conviction and sentence.

Herndon maintains that the district court violated his Sixth Amendment rights by imposing a sentence enhanced by a designation of career offender status on facts not alleged in the indictment, not admitted by him, and not found by a jury beyond a reasonable doubt. Specifically, Herndon claims that the district court's finding that his prior convictions for failing to stop for a blue light qualified as crimes of violence for determining his career offender status, under U.S. Sentencing Guidelines Manual § 4B1.1 (2002), constituted impermissible judicial fact-finding under Blakely v. Washington, 542 U.S. 296 (2004). Because this objection was not raised in the district court, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).

The Supreme Court held in United States v. Booker, 125 S. Ct. 738, 746, 750 (2005), that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. In Almendarez-

<u>Torres v. United States</u>, 523 U.S. 224, 233-35 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence.

This court has held in <u>United States v. James</u>, 337 F.3d 387, 391 (4th Cir. 2003), that failure to stop for a blue light is a "violent felony" under the armed career statute, 18 U.S.C. § 924(e)(2)(B)(ii) (2000). Therefore, Herndon has "no legitimate defense to the career offender designation." <u>United States v. Harp</u>, 406 F.3d 242, 247 (4th Cir. 2005).

Accordingly, we deny Herndon's pro se "Motion Requesting Permission to File Supplemental Brief in Lieu of Appointed Counsel's <u>Ander</u>'s [sic] Brief Filing" as moot and affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>