**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4832**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY HILL, SR.,

Defendant - Appellant.

─────────────

On Remand from the United States Supreme Court.
(S. Ct. No. 04-7501)

─────────────

Submitted: October 7, 2005          Decided: December 20, 2005

─────────────

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Craig W. Sampson, SAMPSON LAW FIRM, P.L.C., Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Sara E. Flannery, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). In United States v. Hill, No. 03-4832 (4th Cir. July 29, 2004) (unpublished), vacated, 125 S. Ct. 1085 (2005), we affirmed Hill's conviction and 188-month sentence imposed by the district court after a jury convicted Hill of conspiracy to distribute and possess with intent to distribute less than five grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000). After reviewing Hill's appeal in light of Booker, we affirm Hill's conviction for the reasons stated in our prior opinion, vacate Hill's sentence, and remand for resentencing.

Hill contends that his sentence violates the Sixth Amendment because the district court at sentencing held him accountable for thirty-three grams of crack and enhanced his sentence for obstruction of justice. Because Hill did not raise a Sixth Amendment issue in the district court, we review for plain error.[1] See United States v. Hughes, 401 F.3d 540, 547 (4th Cir.

---

[1] The Government asserts that Hill waived appellate review of his Sixth Amendment challenge to his sentence by failing to raise it in his initial brief before this court. Although the Government correctly states the general rule, see United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned."), we decline to enforce it in light of our order directing the parties to file supplemental briefs addressing Booker. See United States v. Washington, 398 F.3d 306, 312 n.7 (4th Cir.) (stating that "[a]lthough appellate contentions not raised in an opening brief are normally deemed to have been waived,

2005).  To demonstrate plain error, Hill must establish that error occurred, that it was plain, and that it affected his substantial rights.  Id. at 547-48.  If a defendant satisfies these requirements, our "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court).  The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory.  Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

---

the Booker principles apply in this proceeding because the [Supreme] Court specifically mandated that we must apply [Booker] . . . to all cases on direct review.") (internal quotation marks and citations omitted), cert. denied, 125 S. Ct. 2558 (2005); United States v. James, 337 F.3d 387, 389 n.1 (4th Cir. 2003) ("Because [this] court requested . . . additional briefing, this case is not governed by our rule that arguments not raised in the appellant's opening brief are typically deemed abandoned on appeal."), cert. denied, 540 U.S. 1134 (2004).

Here, the district court sentenced Hill under the mandatory federal Sentencing Guidelines by determining drug quantity, applying an obstruction of justice enhancement, and departing from criminal history category V to VI. These findings yielded a Sentencing Guideline range of 168 to 210 months of imprisonment, and the court sentenced Hill to a 188-month term of imprisonment. Using only the amount of drugs found by the jury (less than five grams of crack cocaine) without the enhancement for obstruction of justice,[2] Hill's offense level would have been twenty-four. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(8) (2002). The resulting Guideline range would be 100 to 125 months of imprisonment. USSG Ch. 5, Pt. A (Sentencing Table). In light of Booker and Hughes, we find that the district court's plain error in sentencing Hill based on facts found by the court affects his substantial rights and warrants correction.[3]

Accordingly, we vacate Hill's sentence and remand for resentencing.[4] We also affirm Hill's conviction. We dispense with

[2]We take no position on whether the district court's upward departure from criminal history category V to VI violates the Sixth Amendment because, even assuming a criminal history category of VI, Hill is entitled to be resentenced.

[3]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Hill's sentencing.

[4]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court

- 4 -

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>VACATED IN PART, AND REMANDED

---

should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.