**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4204**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANTZ MICHEL, a/k/a Freon, a/k/a John Doe,

Defendant - Appellant.

_____

On Remand from the Supreme Court of the United States.
(S. Ct. No. 03-10755)

_____

Submitted:  February 28, 2006          Decided:  May 4, 2006

_____

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

Michael Morchower, MORCHOWER, LUXTON & WHALEY, Richmond, Virginia,
for Appellant. Paul J. McNulty, United States Attorney, Michael J.
Elston, Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before us on remand from the United States Supreme Court for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). In United States v. Michel, No. 03-4204, 88 F. App'x 623 (4th Cir. 2004) (unpublished), vacated, 543 U.S. 1099 (2005), we affirmed Michel's conviction and life sentence imposed by the district court after a jury convicted Michel of conspiracy to possess with intent to distribute a quantity of heroin, a quantity of cocaine, and more than fifty grams of cocaine base "crack" in violation of 21 U.S.C. § 846 (2000). On January 24, 2005, the Supreme Court granted Michel's petition for certiorari, vacated our judgment, and remanded in light of Booker. On remand, Michel alleges he should be resentenced in light of Booker and makes several arguments regarding the propriety of his conviction. After reviewing Michel's appeal in light of Booker, we affirm his conviction but vacate his sentence and remand for resentencing.

Michel contends that his sentence violates the Sixth Amendment because the district court at sentencing held him accountable for additional drug amounts, a leadership role in the offense, and possession of a gun based on findings not found by the jury or admitted by him. Because Michel did not raise a Sixth

Amendment issue in the district court, we review for plain error.[1]

See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). To

demonstrate plain error, Michel must establish that error occurred,

that it was plain, and that it affected his substantial rights.

Id. at 547-48. If a defendant satisfies these requirements, our

"discretion is appropriately exercised only when failure to do so

would result in a miscarriage of justice, such as when the

defendant is actually innocent or the error seriously affects the

fairness, integrity or public reputation of judicial proceedings."

Id. at 555 (internal quotation marks and citation omitted).

 In Booker, the Supreme Court held that the mandatory

manner in which the Sentencing Guidelines required courts to impose

sentencing enhancements based on facts found by the court by a

---

[1]The Government asserts that Michel waived appellate review of his Sixth Amendment challenge to his sentence by failing to raise it in his initial brief before this court. Although the Government correctly states the general rule, see United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned."), we decline to enforce it in light of our order directing the parties to file supplemental briefs addressing Booker. See United States v. Washington, 398 F.3d 306, 312 n.7 (4th Cir.) (stating that "[a]lthough appellate contentions not raised in an opening brief are normally deemed to have been waived . . . the Booker principles apply in this proceeding because the [Supreme] Court specifically mandated that we must apply [Booker] . . . to all cases on direct review.") (internal quotation marks and citations omitted), cert. denied, 125 S. Ct. 2558 (2005); United States v. James, 337 F.3d 387, 389 n.1 (4th Cir. 2003) ("Because the court requested the additional briefing, this case is not governed by our rule that arguments not raised in the appellant's opening brief are typically deemed abandoned on appeal."), cert. denied, 540 U.S. 1134 (2004).

preponderance of the evidence violated the Sixth Amendment.  125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court).  The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory.  Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Here, the district court sentenced Michel under the mandatory Federal Sentencing Guidelines by determining drug quantities in excess of that listed in the indictment, under U.S. Sentencing Guidelines Manuel § 2D1.1(c)(1) (2002), increased his base offense level by four for his leadership role under USSG § 3B1.1(a), because he was an organizer of the criminal activity, and increased his offense level by two for possession of a firearm under USSG § 2D1.1(b)(1).  These findings yielded a Sentencing Guideline range of life.  Using only the amount of drugs found by the jury (fifty grams of crack cocaine), see USSG § 2D1.1(c)(4), and without the enhancements for being an organizer and possessing a firearm, Michel's total offense level would have been 32, which, with his criminal history category of I, would have provided a sentencing range of 121-151 months of imprisonment.  In light of Booker and Hughes, we find that the district court's plain error in

- 4 -

sentencing Michel based on facts found by the court affects his substantial rights and warrants correction.[2]

Accordingly, we vacate Michel's sentence and remand for resentencing.[3] We also affirm Michel's conviction for the reasons in our prior opinion.[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[2]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Michel's sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[3]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

[4]See Al-Hamdi, 356 F.3d at 571 n.8 (noting that "[i]t is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned.")