**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-5117**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WEILY L. BOKEL, a/k/a Weily Liu,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.   Norman K. Moon, District Judge.   (CR-04-70018)

———————

Submitted:  May 19, 2006                  Decided:  June 12, 2006

———————

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Mark W. Claytor, Salem, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Craig J. Jacobsen, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Weily Bokel appeals the thirty-three month sentence she received after she was convicted by a jury of attempted international parental kidnapping, 18 U.S.C.A. § 1204 (West 2000 & Supp. 2005). She asserts that the district court plainly erred under United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005), in making a two-level adjustment for obstruction of justice, see U.S. Sentencing Guidelines Manual § 3C1.1 (2004), based on her perjured trial testimony. The government concedes error under Booker. For the reasons explained below, we vacate the sentence and remand for resentencing. We grant Bokel's motion to file a pro se supplemental brief, but conclude that her claims of ineffective assistance are not properly raised on direct appeal.

The district court determined at the sentencing hearing, over Bokel's objection, that she had obstructed justice by giving perjured testimony at trial. With the adjustment for obstruction of justice, Bokel's guideline range was 27-33 months. The court imposed a sentence of thirty-three months imprisonment. We agree with Bokel and the government that Bokel's sentence violated the Sixth Amendment under Booker. Based only on the facts found by the jury and without the two-level adjustment for obstruction of justice found applicable by the court over her objection, Bokel's offense level would have been 16. Because she was in criminal

- 2 -

history category I, her guideline range would have been 21-27 months. Bokel's sentence of thirty-three months thus exceeded the maximum sentence permissible based on facts found by the jury. We conclude that Bokel has demonstrated plain error that warrants correction. See Hughes, 401 F.3d at 555-56.

Bokel has submitted a pro se supplemental brief in which she claims that her appointed attorney's assistance has been ineffective in several respects and that the district court erred in refusing to appoint new counsel. To succeed in a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); see also United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)). Here, the record does not conclusively demonstrate that Bokel's counsel was ineffective. Therefore, her claims are not properly raised on direct appeal.

Accordingly, we vacate the sentence imposed by the district court and remand for resentencing consistent with Booker. We grant Bokel's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>