**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4767**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL MORRIS OVERSTREET,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Senior District Judge. (CR-04-9)

---

Submitted:  June 26, 2006               Decided:  July 18, 2006

---

Before KING, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Melvin L. Hill, WARE & HILL, L.L.P., Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Samuel Morris Overstreet pled guilty to possession of an unregistered silencer and machinegun, 26 U.S.C. § 5861(d) (2000) (Count One), and unlawful possession of a firearm after being adjudicated as a mental defective or committed to a mental institution, 18 U.S.C. § 922(g)(4) (2000) (Count Two).[*] Overstreet appeals his sixty-three-month sentence, contending that the sentence was excessive and that the district court clearly erred in making a two-level adjustment for obstruction of justice, U.S. Sentencing Guidelines Manual § 3C1.1 (2004). Overstreet has also requested leave to file a pro se supplemental brief alleging ineffective assistance of counsel as well as raising additional claims, and he has filed motions requesting release pending appeal and appointment of new counsel. We grant Overstreet's motion to file a pro se supplemental brief, deny his motions for bail and for appointment of new counsel, deny as moot his motions to expedite, and affirm his conviction and sentence.

We review for clear error the district court's determination that a defendant obstructed justice. United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004). Overstreet does not dispute that he engaged in conduct that constituted obstruction of justice, but argues that the district court's decision to award him an adjustment for acceptance of

_____

[*]Count Three was dismissed on the government's motion.

responsibility contradicted its finding of obstruction of justice. Ordinarily, a defendant who receives an adjustment for obstruction of justice does not qualify for acceptance of responsibility; however, in an extraordinary case, the court may apply both adjustments. USSG § 3E1.1, comment. (n.4). Thus, the mere fact that Overstreet received a reduction for acceptance of responsibility does not render the § 3C1.1 adjustment clearly erroneous.

We further conclude that the sentence was not excessive. The district court sentenced Overstreet after considering the advisory sentencing guidelines and the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). See United States v. Booker, 543 U.S. 220 (2005). The court sentenced Overstreet within the guideline range and below the ten-year statutory maximum applicable to each offense. The court specifically considered Overstreet's need for mental health counseling and treatment and the need to protect the public. We cannot conclude that the sentence is unreasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

We have considered the issues raised by Overstreet in his pro se supplemental brief and find no merit in them. A claim of ineffective assistance will not succeed on direct appeal unless it conclusively appears from the face of the record that counsel provided ineffective representation. Overstreet has not met this

test.  <u>United States v. James</u>, 337 F.3d 387, 391 (4th Cir. 2003);

<u>see</u> <u>also</u> <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir.

1999) (providing standard and noting that ineffective assistance of

counsel claims generally should be raised by motion under 28 U.S.C.

§ 2255 (2000)).  Therefore, his claim of ineffective assistance is

not properly raised in this direct appeal.  Accordingly, we affirm

the conviction and the sentence imposed by the district court.  We

grant Overstreet's motion to file a supplemental brief and deny his

motions for bail and for appointment of new counsel.  We deny

Overstreet's motions to expedite as moot.  We dispense with oral

argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not

aid the decisional process.

<u>AFFIRMED</u>