**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4968**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGGIE LAMAR KELLEY, a/k/a Lil Red,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:04-cr-00998-CMC-1)

Submitted: May 30, 2007                     Decided: July 5, 2007

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Johnny E. Watson, Sr., WATSON LAW FIRM, Columbia, South Carolina, for Appellant. Christopher Todd Hagins, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reggie Lamar Kelley appeals his conviction and 360-month sentence following his guilty plea to possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (2000). Kelley timely appealed, claiming his plea was unknowing and involuntary and that he was denied effective assistance of counsel. Kelley also claims the district court improperly denied his motion to withdraw his guilty plea and that his sentence is unreasonable. The Government has moved to dismiss the appeal on the grounds that Kelley validly waived his right to appeal in his plea agreement. We grant the motion to dismiss in part, deny it in part, and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir.), cert. denied, 126 S. Ct. 461 (2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. See Blick, 408 F.3d at 168. Our review of the record reveals that Kelley knowingly and voluntarily waived his right to appeal his conviction and sentence. We therefore grant

the Government's motion to dismiss Kelley's appeal to the extent it challenges Kelley's sentence.

We conclude, however, that Kelley's assertion that his guilty plea was involuntary and that the district court erred by refusing his request to withdraw it constitutes an exception to the appellate waiver because it presents a "colorable" constitutional claim. See, e.g., United States v. Attar, 38 F.3d 727, 733 n.2 (4th Cir. 1994). Accordingly, we deny the Government's motion to dismiss as to this claim. Nevertheless, while we possess jurisdiction to consider this claim, we find it to be without merit. The record confirms that the district court conducted a thorough Rule 11 hearing, ensuring that Kelley's plea was knowing and voluntary in all respects. Kelley's belated claim that he did not understand the consequences of his plea is simply belied by the record.

In addition, Kelley's appellate waiver does not preclude our review of Kelley's ineffective assistance of counsel claim, and we deny the motion to dismiss as to that claim, as well. Ineffective assistance of counsel claims, however, are not generally cognizable on direct appeal unless ineffective assistance "conclusively appears" on the record. See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). After reviewing the record, it does not "conclusively appear" that Kelley's attorney's assistance was ineffective. This claim is not cognizable on direct appeal and

must instead be asserted in an appropriate motion for post-conviction relief.

Accordingly, we grant the Government's motion to dismiss Kelley's appeal of his sentence, deny the Government's motion to dismiss Kelley's appeal as to his challenge to his guilty plea and his claim that his trial attorney provided ineffective assistance, and affirm as to these claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
