**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4394**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE M. SLAUGHTER,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J.  Frederick Motz, District Judge.
(CR-02-570-JFM)

———————

Submitted:  September 12, 2007        Decided:  October 9, 2007

———————

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Greg T. Rinckey, TULLY, RINCKEY & ASSOCIATES, PLLC, Albany, New
York, for Appellant.  George Levi Russell, III, OFFICE OF THE
UNITED STATES ATTORNEY, Debra L. Dwyer, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose M. Slaughter appeals his conviction and 108-month sentence imposed following his guilty plea to possession of more than five grams of cocaine base, in violation of 21 U.S.C. § 844(a) (2000). Slaughter timely appealed, claiming that he was denied effective assistance of counsel. The Government has moved to dismiss the appeal, arguing that we lack jurisdiction to consider an ineffective assistance claim on direct appeal.

Although ineffective assistance of counsel claims are generally not cognizable on direct appeal, United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999), this court is not dispossessed of jurisdiction to review such a claim; in fact, this court's jurisprudence establishes the contrary. This court "may consider an ineffective assistance claim on direct appeal" if, on the face of the record, counsel's performance was conclusively ineffective. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). Accordingly, we deny the Government's motion to dismiss the appeal for lack of jurisdiction.

However, as both parties have substantively addressed whether Slaughter's trial counsel provided adequate representation, we have reviewed the record and find that it does not "conclusively appear" that Slaughter's attorney's representation was ineffective. Thus, although we have jurisdiction to consider the issue, we

conclude that this claim is not cognizable on direct appeal.[*]  As this is the sole issue raised on appeal, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Slaughter may, of course, raise his ineffective assistance claim in an appropriate motion for post-conviction relief.