**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4022

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO LAMONT JENKINS, a/k/a Tony,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:06-cr-00060-CMC)

Submitted:  November 15, 2007          Decided:  November 20, 2007

Before WILLIAMS, Chief Judge, and MOTZ and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James H. Babb, HOWLE & BABB, L.L.P., Sumter, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Lamont Jenkins was sentenced to 262 months in prison after pleading guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846 (2000). On appeal, Jenkins challenges the constitutionality of this court's application of a presumption of reasonableness to a sentence within an appropriately calculated Guidelines range, claims that he should not have been categorized as a career offender because his conviction for failure to stop for a blue light did not involve a high speed chase and was therefore not a "crime of violence," and claims he was incorrectly assigned a criminal history point for a conviction that was not the result of a counseled plea. Finding no error, we affirm.

Jenkins' argument that it is unconstitutional for this court to apply a presumption of reasonableness to a sentence within an appropriately calculated Guidelines range has been explicitly rejected by the Supreme Court. See Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007). Additionally, this court has held that a conviction for failure to stop for a blue light is a "violent felony" under the armed career criminal statute, 18 U.S.C. § 924(e) (2000), because it "involves conduct that presents a serious potential risk of physical injury to another," see United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). For the same reason, the

- 2 -

offense is a qualifying felony for career offender purposes.

Last, because state law at the time of Jenkins' allegedly uncounseled plea required he be advised of his right to counsel, a court document indicated that Jenkins was represented by a public defender, and the district court explicitly found that Jenkins' recollection otherwise did not appear accurate, we reject Jenkins' argument that he was wrongfully assigned a criminal history point for his prior conviction for possession of a stolen vehicle. While it is true that a defendant may challenge at sentencing the validity of a prior conviction on the ground that he was denied counsel, see Custis v. United States, 511 U.S. 485, 494-95 (1994), he bears the burden of showing that the prior conviction is invalid, see United States v. Jones, 977 F.2d 105, 110-11 (4th Cir. 1992). Jenkins had to overcome the presumption that the state court informed him of his right to counsel as it was required by statute and that, if he was not represented, it was because he waived his right to counsel. See Parke v. Raley, 506 U.S. 20, 28-34 (1992). Because Jenkins did not overcome this presumption, we find the district court did not err in considering the prior conviction in calculating his criminal history.[*]

Accordingly, we affirm the district court's judgment. We

_____

[*]Because Jenkins is a career offender, even if it was error for the district court to assign him a criminal history point for this conviction, such error would be harmless because, pursuant to U.S. Sentencing Guidelines Manual § 4B1.1(b) (2005), Jenkins' criminal history category was VI regardless.

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED