**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4697**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

ALBERT STEVE LYNCH,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.   Lacy H. Thornburg, District Judge.  (1:05-cr-00231)

Submitted: April 17, 2008        Decided: April 21, 2008

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On August 1, 2005, Albert Steve Lynch was charged in a two count indictment with: (1) bank robbery in violation of 18 U.S.C. § 2113(a) (2000) (Count One); and (2) use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A) (West 2000 and Supp. 2007) (Count Two). Lynch ultimately entered into a plea agreement with the Government, in which he agreed to plead guilty to both counts in the indictment. In conformity with Lynch's advisory guidelines range, the district court sentenced Lynch to thirty-three months' imprisonment on Count One and to a consecutive seven-year sentence on Count Two. Lynch timely noted his appeal, and now argues that he received ineffective assistance of counsel in the district court. We affirm the judgment of the district court for the reasons that follow.

Ineffective assistance of counsel claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). In order to succeed on an ineffective assistance of counsel claim, a petitioner must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 688 (1984). To satisfy Strickland's second prong in the guilty plea context, a

petitioner must show a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). In his brief, Lynch does not allege, much less demonstrate, that but for counsel's errors he would not have pled guilty but insisted on going to trial. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>