**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4047**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

SUNHYE BAE, a/k/a Sue Y. Bae, a/k/a Mrs. Kim, a/k/a Sunyong Bae,

              Defendant - Appellant.

———————

**No. 08-4048**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JI WON KIM, a/k/a Raymond Kim, a/k/a Ji W. Kim,

              Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:06-cr-00512-GBL-1; 1:06-cr-00512-GBL-2)

———————

Submitted:  June 18, 2008         Decided:  August 5, 2008

———————

Before NIEMEYER and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Marvin D. Miller, Heather Golias, LAW OFFICES OF MARVIN D. MILLER, Alexandria, Virginia; Joseph J. McCarthy, DELANEY, MCCARTHY & COLTON, P.C., Alexandria Virginia, for Appellants. Chuck Rosenberg, United States Attorney, G. Derek Andreson, Michael E. Rich, Assistant United States Attorneys, Shana Wallace, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These appeals arise out of Ji Won Kim's conviction after a guilty plea and 120-month sentence for bank fraud, in violation of 18 U.S.C. § 1344 (2000), and Sunhye Bae's conviction after a guilty plea and 100-month sentence for interstate transportation of stolen property, in violation of 18 U.S.C. § 2314 (2000). Counsel for Appellants filed a consolidated brief in which they essentially challenge the reasonableness of their sentences and ask this court to remand for resentencing. The Government asserts that the appeals are barred by the appellate waivers contained in Appellants' respective plea agreements. For the reasons that follow, we dismiss the appeals.

Kim's sole challenge on appeal is that the Government breached his plea agreement when it introduced his polygraph examination results to establish that he breached his plea agreement, thereby convincing the district court to deprive him of credit for acceptance of responsibility and increase his Guidelines range for obstruction of justice. Because there was nothing in Kim's plea agreement that prevented the Government from presenting his polygraph examination failure at sentencing, the Government did not breach his plea agreement. Accordingly, Kim's appeal is barred by the appellate waiver contained in his plea agreement. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Bae also asserts only that her departure sentence is unreasonable because, according to Bae, the district court abused its discretion when it departed upward due to Bae's inability to secure the return of money she secreted in South Korea. We agree with the Government that Bae's appeal is barred by her appellate waiver. See id. Although Bae summarily asserts that her attorney was ineffective because he failed to preserve her right to appeal from an upward departure, ineffective assistance of counsel claims are not generally cognizable on direct appeal unless ineffective assistance "conclusively appears" on the record. See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). We find that it does not "conclusively appear" on the record that counsel was ineffective for failing to preserve Bae's right to appeal from an upward departure at sentencing.

Accordingly, we dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED