**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4077**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHARLES LAMAR BULLARD,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00390-RJC-2)

─────────

Submitted:  April 23, 2009          Decided:  April 29, 2009

─────────

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Lamar Bullard appeals from his conviction and 180-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base and possession of a firearm during and in relation to a drug trafficking offense. On appeal, he contends that counsel provided ineffective assistance by delaying his guilty plea and his provision of assistance to the government. He asserts that, but for counsel's ineffectiveness, he would have cooperated earlier, received a downward departure for substantial assistance, and been sentenced below the mandatory minimum sentences for the two offenses.

Ineffective assistance of counsel claims are not generally cognizable on direct appeal unless ineffective assistance "conclusively appears" on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). To establish an ineffective assistance of counsel claim, a defendant must show that his counsel erred and that, but for counsel's error, the outcome of his proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984). To satisfy the second prong of Strickland, Bullard must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

2

Because it is not apparent from the record that counsel provided ineffective assistance as alleged by Bullard, this claim is not cognizable on direct appeal, but instead must be raised, if at all, in a post-conviction proceeding pursuant to 28 U.S.C.A. § 2255 (West 2000 & Supp. 2008). <u>See</u> <u>United States v. James</u>, 337 F.3d 387, 391 (4th Cir. 2003). We therefore affirm Bullard's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>