**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4139**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DAVID BRUCE JENKINS, a/k/a lquid_dragon,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00017-LHT-1)

Submitted:  February 26, 2010          Decided:  March 16, 2010

Before NIEMEYER, SHEDD, and DAVIS, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Lee Ann Anderson McCall, Washington, D.C., for Appellant. Edward R. Ryan, Acting United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Bruce Jenkins pled guilty to coercion and enticement regarding his attempts to have sexual contact with a minor in violation of 18 U.S.C. § 2422(b) (2006). In his guilty plea, Jenkins waived his right to appeal except for claims of ineffective assistance of counsel, prosecutorial misconduct, or the reasonableness of any upward variance from the Sentencing Guidelines range. (JA 10). Jenkins was sentenced to 262 months of imprisonment. On appeal, Jenkins raises the following issues: (1) whether the Government breached his plea agreement by advocating for an eight-level sentence enhancement, under U.S. Sentencing Guidelines Manual ("USSG") § 2G1.3(b)(5) (2008); (2) whether trial counsel was ineffective for failing to object to the eight-level enhancement; and (3) whether the eight-level enhancement was erroneous because the victim was not actually under the age of twelve, as the person involved was actually a police officer pretending to be an eleven-year-old girl. For the reasons that follow, we dismiss in part and affirm in part.

First, we find no breach of the plea agreement. United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997) (providing plain error review standard). Thus, as argued by the Government, Jenkins has waived his right to challenge his eight-level sentencing enhancement. We therefore dismiss the appeal of Jenkins' third issue. We find Jenkins' remaining issue —

2

ineffective assistance of counsel — not cognizable in this appeal. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003) (providing standard). Rather, this claim should be brought, if at all, in a subsequent 28 U.S.C.A. § 2255 (West Supp. 2009) motion. United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). Accordingly, we deny relief on Jenkins' second issue and affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART