**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4469**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

HIGINIO PADRON VAZQUEZ, a/k/a Paco,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:00-cr-00212-FDW-9)

———————

Submitted:  May 20, 2010          Decided:  June 11, 2010

———————

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Higinio Padron Vazquez pled guilty to conspiracy to possess with intent to distribute marijuana and cocaine, in violation of 18 U.S.C. §§ 841(a)(1), 846 (2006). He was sentenced to 132 months' imprisonment and a four-year term of supervised release. On appeal, Vazquez challenges the district court's imposition of a four-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(a) (2007), for a leadership role in the offense. He argues that the enhancement and the denial of a safety valve reduction were error, constituted a breach of the plea agreement, and were further based on other misconduct by the prosecutor and ineffective assistance of defense counsel. For the reasons that follow, we affirm Vazquez's conviction and sentence.

The record discloses that Vazquez waived his right to appeal his conviction and sentence except for claims of prosecutorial misconduct and ineffective assistance of counsel. Whether a defendant effectively waived his right to appeal pursuant to a plea bargain is an issue of law that is reviewed de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the government seeks to enforce an appeal waiver and the appellant does not contend that the government is in breach of its plea agreement, a waiver will be enforced if the record shows the waiver is valid and the challenged issue falls

2

within the scope of the waiver. Id. Conversely, this court will not enforce an otherwise valid waiver where the Government has breached the plea agreement containing the waiver. See United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006).

Here, Vazquez argues that he was misled by his defense counsel and the prosecutor into believing that the factual basis to which he and the Government stipulated in the plea agreement "settled all material factual disputes." He claims his detrimental reliance on these representations renders his plea unknowing and involuntary. He contends the Government was duplicitous in gaining a waiver of his trial rights in a case it could probably not win at trial and that it used a "bait-and-switch" tactic. He further maintains that the testimony received at sentencing was hearsay and not sufficiently reliable.

We find Vazquez knowingly and voluntarily waived in his plea agreement his right to appeal his conviction and sentence, which includes the four-level role enhancement and the denial of application of the safety valve provision. See United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (holding that an appeal waiver is valid if it is "the result of a knowing and intelligent decision to forgo the right to appeal.") (internal quotation marks and citations omitted); see also United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005)

3

(noting that an appeal waiver is generally valid and enforceable if defendant fully questioned during plea colloquy). Vazquez's contention that the Government breached the plea agreement is unsupported by the record. In the plea agreement, the Government stipulated to a base offense level and the amount of drugs attributable to Vazquez. It did not, however, agree not to seek an offense-level enhancement. In fact, the Government "reserve[d] the right to inform the court and the probation officers of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not." Because the agreement was knowingly and voluntarily entered, the appeal waiver bars the appeal of Vazquez's direct claim that the trial court erred in imposing the four-level leadership enhancement and in denying application of the safety valve provision.

Vazquez's claims of prosecutorial misconduct and ineffective assistance of counsel are not barred by the waiver. Unless an attorney's ineffectiveness is apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. James, 337 F.3d 389, 391 (4th Cir. 2003). To show ineffective assistance of counsel, Vazquez must show that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms" and was prejudicial. Strickland v.

4

Washington, 466 U.S. 668, 687-88, 692 (1984).  The prejudice prong is satisfied if Vazquez can demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  Within the guilty plea context, a defendant meets the prejudice prong by showing there is a reasonable probability that absent counsel's error he would not have pled guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  We reject Vazquez's claims of prosecutorial misconduct and find that ineffective assistance of counsel does not appear on the face of the record.

Accordingly, we affirm Vazquez's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED