**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-4187**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

GREGORY ALFRED WHYTE,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:10-cr-00212-RDB-1)

───────────

Submitted:  November 4, 2011      Decided:  January 3, 2012

───────────

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Erek L. Barron, BARRON & ASSOCIATES, LLC, Largo, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, John F.
Purcell, Jr., Sujit Raman, Assistant United States Attorneys,
Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Gregory Alfred Whyte was convicted of one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (2006), and one count of attempted possession with intent to distribute cocaine and aiding and abetting such conduct, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C. § 846. Whyte makes several challenges to his convictions. Finding no error, we affirm.

Whyte claims that the charges in his indictment were improperly joined. He contends he was charged with one drug conspiracy and two unrelated possession charges. Although Whyte's motion for severance was denied, the Government eventually dropped one of the possession charges and proceeded to trial on the remaining two charges.

Fed. R. Crim. P. 8(a) provides that two or more offenses may be charged in the same indictment when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." This court reviews de novo the district court's refusal to grant a misjoinder motion to determine whether the initial joinder of the offenses was proper under Rule 8(a). United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003). If joinder was proper, review of the denial of a motion to sever is for abuse of discretion under Fed. R. Crim.

P. 14. Id. If joinder was improper, the court "review[s] this nonconstitutional error for harmlessness, and reverse[s] *unless* the misjoinder resulted in no 'actual prejudice' to the defendants 'because it had [no] substantial and injurious effect or influence in determining the jury's verdict.'" Id. (quoting United States v. Lane, 474 U.S. 438, 449 (1986).

Because of the prospect of duplicating witness testimony, impaneling additional jurors or wasting limited judicial resources, joinder is the rule rather than the exception. United States v. Hawkins, 589 F.3d 694, 700 (4th Cir. 2009). Joinder of multiple charges involving the same statute is "unremarkable". Id. at 702-03 (citing United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (courts routinely allow joinder of bank robbery charges against the same defendant)).

We fail to see any error in the district court's decision denying the motion to sever. We note that even if there was error in the joinder, Whyte has failed to show actual prejudice. A review of the record shows that the jury only heard evidence pertaining to the one possession charge, and no evidence relating to the dismissed charge was admitted.

Whyte also argues that by virtue of the Government's decision to sever one of the charges, there was a constructive amendment of the indictment that became a fatal variance. "A

3

constructive amendment to an indictment occurs when . . . the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." United States v. Floresca, 38 F.3d 706, 710 (4th Cir. 1994). "A constructive amendment is a fatal variance because the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation marks omitted). A constructive amendment is error per se, and, given the Fifth Amendment right to be indicted by a grand jury, "must be corrected on appeal, even when not preserved by objection." Floresca, 38 F.3d at 714.

We conclude this claim is without merit. The Government did not present evidence that broadened the possible bases for a conviction. Neither is there any indication that the indictment was altered so as to change the elements of the charged offenses or that Whyte was convicted of anything other than the two charges.

Whyte also claims he received ineffective assistance of trial counsel because counsel failed to present the testimony of two impeachment witnesses. In order to succeed on a claim of

4

ineffective assistance of counsel, Whyte must show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Ineffective assistance of counsel claims are not cognizable on direct appeal, unless the record conclusively establishes ineffective assistance. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion. United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). We conclude that Whyte's ineffective assistance of counsel claim is not conclusively established by the record, and we will forego reviewing the claim.

Finally, Whyte argues that the district court abused its discretion by denying his motion to continue the hearing on his motions seeking a new trial. The court's decision not to grant a continuance and to have the scheduled hearing on Whyte's motions for a new trial is reviewed for abuse of discretion. United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995).

We see no abuse of discretion. Whyte has failed to show that he was prejudiced as a result of the district court's decision.

5

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>