**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-5171**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEWAYNE ANDERSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (3:06-cr-00120-MJP)

———————

Submitted: July 24, 2007          Decided: July 26, 2007

———————

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Robert Claude Jendron, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dewayne Anderson entered a guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (2000). He received a mandatory minimum sentence of 180 months' imprisonment. Anderson's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding there are no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 and whether Anderson's sentence was reasonable. Anderson filed a pro se supplemental brief, arguing his prior state offense for failure to stop for a blue light does not qualify as a predicate offense in classifying him as an armed career criminal. Finding no reversible error, we affirm.

Counsel first questions whether the district court fully complied with Rule 11, but identifies no error in the Rule 11 proceeding. Anderson did not move in the district court to withdraw his guilty plea; therefore, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). This analysis requires the court to determine whether there was error, whether the error was plain, and whether it affected the defendant's substantial rights. Id. at 524. If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in

a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Hughes, 401 F.3d 540, 555 (4th Cir. 2005) (internal quotation marks and citation omitted).

Our review of the record reveals that the district court substantially complied with the requirements of Rule 11. Though the court did not advise Anderson that the answers he gave at the hearing could be used against him in a prosecution for perjury or false statement as required by Rule 11(b)(1)(A), we conclude such omission did not affect his substantial rights.

We also conclude the district court properly classified Anderson as an armed career criminal and its imposition of the mandatory minimum sentence under 18 U.S.C. § 924(e)(1) (2000) was reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Anderson's assertion that his prior conviction for failure to stop for a blue light cannot serve as a predicate offense for his armed career criminal classification is meritless. See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003) (holding that failure to stop for a blue light is a "violent felony" under armed career criminal statute because it "involves conduct that presents a serious potential risk of physical injury to another"). We therefore find Anderson's sentence was reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Anderson's conviction and sentence. This court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>