**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4689

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LORENZO DEVON ABNEY, a/k/a Smiley, a/k/a
Lorenzo Abney,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Glen E. Conrad, District
Judge.  (5:06-cr-00029)

Submitted: February 8, 2008          Decided:  March 4, 2008

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Helen E. Phillips, Grundy, Virginia, for Appellant.  John L.
Brownlee, United States Attorney, Donald Ray Wolthuis, OFFICE OF
THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Devon Abney pled guilty to conspiracy to distribute fifty grams or more of cocaine base and possession with intent to distribute cocaine base, and was sentenced to 188 months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issues: whether (1) Abney received ineffective assistance of trial counsel, but was unable to express this belief because counsel died between his guilty plea and sentencing hearing, and (2) Abney's sentence was improperly enhanced because of drug weight and his role in the offense. The Government has filed a motion to dismiss the appeal. For the reasons that follow, we grant the Government's motion to dismiss in part and affirm in part.

We grant the Government's motion to dismiss the appeal of Abney's sentence. The record reveals that Abney waived his right to appeal "any sentencing guidelines factors or the Court's application of the sentencing guidelines factors to the facts of my case" (J.A. 17) as long as he received a "fair sentencing hearing." (Id.). Our review of the record reveals that Abney received a fair sentencing hearing, a fair plea hearing that complied with Fed. R. Crim. P. 11, and that Abney knowingly and voluntarily waived his right to appeal his sentence in this regard. Accordingly, we grant the Government's motion to dismiss the appeal of Abney's sentence.

Counsel's <u>Anders</u> issues are without merit. First, Abney has failed to meet the demanding burden of showing ineffective assistance of counsel on direct appeal. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. <u>United States v. James</u>, 337 F.3d 387, 391 (4th Cir. 2003); <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion. <u>United States v. Hoyle</u>, 33 F.3d 415, 418 (4th Cir. 1994). Second, Abney has waived his right to attack his sentence. Moreover, the record does not support his claims that his sentence was improperly increased because of drug weight or his role in the offense.

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal. Accordingly, we dismiss the appeal of Abney's sentence and affirm his conviction. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a

copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>