**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4349**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

SHARON RAEDELLE WOLFORD,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:06-cr-00113-TSE-1)

─────────────

Submitted: March 21, 2008          Decided: April 2, 2008

─────────────

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Douglas C. McNabb, Christopher M. Choate, MCNABB ASSOCIATES, PC, Houston, Texas, for Appellant. Chuck Rosenberg, United States Attorney, Paul Torzilli, Meredith Mills, Special Assistant United States Attorneys, Gene Rossi, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharon Raedelle Wolford was found guilty by a jury of conspiracy to distribute oxycodone, methadone, and cocaine and to distribute Schedule II controlled substances near a school (Count 1), and two counts of distributing oxycodone (Counts 3, 4). She was sentenced to 108 months of incarceration. On appeal, Wolford raises two issues: (1) whether the district court erred by failing to sua sponte order a competency hearing, and (2) whether she received ineffective assistance of trial counsel. For the reasons that follow, we affirm.

First, we find no abuse of discretion by the district court for failing to order a competency hearing. United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995) (stating review standard). Second, Wolford has failed to meet the demanding burden of showing ineffective assistance of trial counsel on direct appeal. Claims of ineffective assistance of counsel are not cognizable on direct appeal, unless it conclusively appears from the record that counsel provided ineffective assistance. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED