**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4441

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TREMAYNE K. GRAHAM, a/k/a Kiki,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:03-cr-01092-HMH-10)

Submitted:  April 24, 2008            Decided:  May 6, 2008

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

Jessica Salvini, Greenville, South Carolina, for Appellant.
Reginald I. Lloyd, United States Attorney, Deborah Brereton
Barbier, Mark C. Moore, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina; Leesa Washington, OFFICE OF THE UNITED
STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tremayne K. Graham pled guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000); possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000); conspiracy to launder money, in violation of 18 U.S.C.A. §§ 1956(h), 1957 (West 2000 & Supp. 2007); aiding and abetting the maintenance of a stash house, in violation of 18 U.S.C. § 2 (2000), 21 U.S.C.A. § 856(a)(1) (West 1999 & Supp. 2007); and failing to appear before the court as required by the conditions of pretrial release, in violation of 18 U.S.C. § 3146(a)(1) (2000). The district court sentenced Graham to life imprisonment, and Graham timely appealed.

The Government moved to dismiss the appeal prior to the submission of briefs, contending the appeal was barred by the appeal waiver contained in the plea agreement. We deferred action on the motion to dismiss and reinstated the briefing schedule. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but suggesting the Government breached the plea agreement and the district court erroneously found Graham breached the plea agreement and imposed an improper sentence. Graham filed a pro se supplemental brief raising similar issues as well as claiming

unfair treatment by the Government and ineffective assistance of counsel. The Government declined to file a responding brief.

In the plea agreement, Graham waived the right to contest either the conviction or the sentence on appeal or in any post-conviction action, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Graham argues the district court erroneously found Graham breached the plea agreement and contends the Government was the breaching party. A party's waiver of the right to seek appellate review is not enforceable when the opposing party breaches the plea agreement. United States v. Bowe, 257 F.3d 336, 342 (4th Cir. 2001).

When a party failed to raise in the district court the issue of whether the plea agreement was breached, this Court reviews the issue for plain error. United States v. McQueen, 108 F.3d 64, 65-66 & n.1 (4th Cir. 1997) (citing United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992)). The parties agreed to certain stipulations amounting to a total offense level of forty, but these stipulations were binding on the Government only if Graham complied with all terms of the plea agreement. As the Government amply demonstrated at sentencing, Graham made false, incomplete, and misleading statements to federal agents, thereby breaching the plea agreement. Because of Graham's violations, the Government was not bound to its obligations under the plea agreement and could seek a

greater sentence without breaching the agreement. Graham therefore fails to demonstrate plain error in the district court's findings.

Graham also contends the district court erroneously refused to credit him for acceptance of responsibility and failed to require the Government to file a motion for downward departure. As discussed above, Graham agreed to waive his right to challenge his convictions and sentence on all claims except prosecutorial misconduct and ineffective assistance of counsel. We will uphold a waiver of appellate rights if the waiver is valid and the issue raised is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Having determined the Government did not breach the plea agreement, we find Graham's valid appeal waiver forecloses his challenge to the sentence.

In his pro se supplemental brief, Graham first alleges the Government treated him unfairly by calling a co-defendant to testify at the sentencing hearing. We construe this allegation as a claim of prosecutorial misconduct, which falls outside the scope of the appeal waiver provision. The claim, though reviewable, is meritless, as the conduct complained of did not infect the proceedings with unfairness amounting to a denial of due process. See United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002).

Graham's pro se supplemental brief also alleges ineffective assistance of counsel, another claim outside the scope of the waiver. Claims of ineffective assistance of counsel are not

- 4 -

generally cognizable on direct appeal unless ineffective assistance conclusively appears on the record.  See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003).  Graham fails to make this showing.  Accordingly, we decline to consider this issue on direct appeal.  Should Graham wish to do so, he may pursue this claim in an appropriate motion for post-conviction relief.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we grant the Government's pending motion to dismiss the appeal of the claims attacking Graham's sentence, which are barred by the valid and enforceable appeal waiver provision in the plea agreement, and deny the motion as to the remaining claims.  We affirm Graham's convictions and sentence to the extent Graham raises claims outside the scope of the waiver provision.  We further deny Graham's motion for appointment of new counsel and for oral argument.

This court requires that counsel inform Graham, in writing, of the right to petition the Supreme Court of the United States for further review.  If Graham requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Graham.  We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>
