**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4785**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JACK EARL VANCE,

          Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert E. Maxwell, Senior District Judge. (2:05-cr-00043-REM)

---

Submitted: July 3, 2008          Decided: August 1, 2008

---

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Joseph A. Wallace, Elkins, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), Jack Earl Vance appeals his conviction and the eighty-seven month sentence he received after being found guilty of traveling in interstate commerce for the purpose of engaging in a sexual act with a person under the age of eighteen, in violation of 18 U.S.C.A. § 2423(b) (West 2000 & Supp. 2008), and knowingly transporting someone under the age of eighteen in interstate commerce with intent to engage in a sexual activity, in violation of 18 U.S.C.A. § 2423(a) (West 2000 & Supp. 2008). We have reviewed the record and Vance's contentions and, finding no error, we affirm.

Taken in the light most favorable to the Government, <u>Evans v. United States</u>, 504 U.S. 255, 257 (1992), <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942), the evidence presented at trial established the following facts. Vance began having an intimate, sexual relationship with Jane Doe in November 2002.[*] At that time, Doe was thirteen years-old, while Vance was thirty-five. Doe documented her relationship with Vance by making notations in her calendar, which included descriptions of the couple's various sex acts. In the Spring of 2005, Doe's mother discovered Doe's

_____

[*]We have used a pseudonym to protect the identity of the victim in this case.

calendar, and in April 2005, the Does filed a criminal complaint against Vance.

With criminal charges pending in West Virginia, Vance and Doe left the state for Virginia, where they planned to be married. This, Vance believed, would force West Virginia authorities to forego prosecuting him. On August 23, 2005, Vance drove himself and Doe to Harrisonburg, Virginia. Once in Harrisonburg, Vance checked into a motel, where Vance and Doe engaged in sexual intercourse. At the time of this trip, Doe was fifteen years-old.

Vance and Doe returned to West Virginia approximately ten days later, and shortly thereafter, Vance was indicted on the instant charges. At trial, Doe testified against Vance, stating that she and Vance had sexual intercourse while in Harrisonburg. The jury convicted Vance on both charges against him, and Vance was sentenced to eighty-seven months' imprisonment. This appeal timely followed.

## I.   **Assignment of Trial Error**

Vance raises six issues on appeal. First, he asserts the court erred in prohibiting the defense from introducing evidence to establish Doe purchased a pregnancy test while in Harrisonburg. However, the record belies this claim, as Doe herself testified regarding the purchase of a pregnancy test. Accordingly, Vance's contention that the district court improperly excluded this evidence lacks merit.

Vance next argues the audiotape recording of a telephone conversation between Vance and Doe was illegally obtained, because the recording device was not properly registered. There is simply no basis in the record to support this contention. Vance did not object to the proffer of the recording or present any evidence to demonstrate the recording device was used improperly.

Vance next contends that his trial attorney was ineffective in his representation of Vance. However, unless an attorney's ineffectiveness is apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)). The record in this case falls far short of this exacting standard. Accordingly, this claim fails.

Vance next maintains the West Virginia state police threatened various witnesses in his case. As Vance presents no proof to support this conclusory accusation, we reject this claim without further discussion.

Finally, Vance asserts the district court erred in denying his motions for appointment of a new attorney and in refusing to order West Virginia's Department of Corrections to provide him with certain medical treatment. First, the appointment

of a particular attorney is a matter entrusted to the district court's discretion, and a defendant may demand a new lawyer only "for good cause." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). Because Vance failed to establish good cause to support his requests for a new attorney, the district court was well within its discretion to deny his motions. We decline to consider Vance's claim of inadequate medical care, because it is unrelated to his conviction or sentence.

## II. Sentencing

Although Vance does not lodge a specific challenge to his sentence, because this appeal is before us on Anders review, we will review Vance's sentence for reasonableness.

As recently determined by the Supreme Court, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007). Appellate courts are charged with reviewing sentences for reasonableness. Id. at 594, 597. Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory Guidelines range. Id. at

- 5 -

596-97. We must then consider whether the district court failed to consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances . . . .'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597). We afford sentences that fall within the properly calculated Guidelines range a presumption of reasonableness, see id., a presumption permitted by the Supreme Court. Rita v. United States, 127 S. Ct. 2456, 2459, 2462 (2007).

The district court properly calculated Vance's sentencing range under the Guidelines and invited counsel to make any relevant argument pursuant to the § 3553(a) sentencing factors. After hearing counsel's argument, permitting Vance the opportunity to make a statement, and considering the § 3553(a) factors, the court sentenced Vance to 87 months' imprisonment, at the low end of Vance's Guidelines range. Thus, we conclude Vance's sentence was reasonable.

In accordance with Anders, we have reviewed the entire record and conclude there are no meritorious issues for appeal. We discern no infirmity in the trial process, and find the Government presented ample evidence to support the jury's guilty verdicts.

Doe's testimony that she and Vance had sexual intercourse in the motel room in Harrisonburg, Virginia, stands unrefuted. The jury clearly credited this testimony, and that credibility determination will not be reviewed on appeal. United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007). Moreover, the district court imposed a reasonable sentence. Accordingly, we affirm the district court's judgment.

We require that counsel inform Vance, in writing, of the right to petition the Supreme Court of the United States for further review. If Vance requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vance. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED