**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4160

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT ANTHONY THOMPSON, a/k/a Amp, a/k/a Rat,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:03-cr-00181-FDW-DCK-1; 3:07-CV-209-W-2)

Submitted: July 30, 2009          Decided: August 3, 2009

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant. William A. Brafford, Assistant United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina; Gretchen C.F. Shappert, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Anthony Thompson was convicted, pursuant to a straight-up guilty plea, of conspiracy to possess with intent to distribute at least five kilograms of powder cocaine and at least 50 grams of cocaine base, in violation of 21 U.S.C. § 846 (2006) (Count One), and possession with intent to distribute 500 grams or more of cocaine powder and five grams or more of cocaine base, in violation of 21 U.S.C. § 841 (2006) (Count Eight). The district court sentenced Thompson to the statutory mandatory minimum sentence of 240 months' imprisonment on each count, to run concurrently, as well as ten years of supervised release on each count, to run concurrently. Thompson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of Thompson's sentence and claiming ineffective assistance of counsel, but concluding that there are no meritorious issues for appeal. Thompson has filed a supplemental pro se brief, in which he asserts error in the district court's refusal to depart below the statutory mandatory minimum sentence and in its failure to vacate civil forfeitures he claims were erroneously entered by a civil court. Finding no reversible error, we affirm.

Thompson's first claim of error on appeal, both by counsel and pro se, is a challenge to his sentence. When determining a sentence, the district court must calculate the

2

appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Further, a statutorily required sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

The district court followed the necessary procedural steps in sentencing Thompson, appropriately treating the sentencing guidelines as advisory, and properly calculating and considering the applicable guidelines range and the relevant § 3553(a) factors. Thompson's guidelines range was 240 months to life. His 240-month sentence, which is the low end of the applicable guidelines range and represents the applicable statutory mandatory minimum sentence, was reasonable. Pauley, 511 F.3d at 473; Farrior, 535 F.3d at 224.

In addition, ineffective assistance of counsel claims are not generally cognizable on direct appeal unless ineffective assistance "conclusively appears" on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). As no

3

such ineffective assistance is evident in this case, this claim is not cognizable on direct appeal, but instead must be raised, if at all, in a post-conviction proceeding pursuant to 28 U.S.C.A. § 2255 (West 2000 & Supp. 2009). See United States v. James, 337 F.3d 387, 391 (4th Cir. 2003).

We have reviewed Thompson's pro se supplemental brief and find no merit to his claims. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Thompson's conviction and sentence. This court requires that counsel inform Thompson, in writing, of the right to petition the Supreme Court of the United States for further review. If Thompson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thompson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4