**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4571**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

BILLY JOE MOON,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:07-cr-00801-RBH-1)

Submitted:  April 7, 2010          Decided:  May 7, 2010

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Sheppard Parham, Assistant  United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On November 30, 2007, Billy Joe Moon entered a guilty plea to being a convicted felon in possession of a firearm. A presentence report was issued that classified Moon as an armed career criminal (an "ACC"), pursuant to 18 U.S.C. § 924(e) (2006). Moon objected to this classification; however, prior to sentencing, he and the Government executed an addendum to his plea agreement settling all sentencing issues. The parties stipulated, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that Moon should receive a sentence of ten years' imprisonment. The district court accepted the plea agreement and the stipulated sentence, which it ultimately reduced to eighty-four months following the Government's motion for a downward departure. Moon appealed.

Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. Moon has filed a pro se supplemental brief, in which he states, without offering any specific argument or authority, that his attorney erred by failing to correct perceived inaccuracies in his presentence report, and by failing to request a downward departure based on Moon's health concerns. The Government has adopted counsel's Anders brief as its own, and has not filed any response to Moon's pro se supplemental brief.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Moon's Rule 11 hearing reveals that the district court substantially complied with Rule 11's requirements. Moon's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore find that no plain error occurred and affirm Moon's conviction.

We decline to address Moon's ineffective assistance of counsel arguments. Unless an attorney's ineffectiveness is apparent on the face of the record, ineffective assistance claims are generally not addressed on direct appeal. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). To show ineffective assistance of counsel, Moon must show that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms" and was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984). The prejudice prong is satisfied if Moon can demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the guilty plea context, the prejudice prong is met by showing a reasonable probability that absent counsel's errors the defendant would not have pled guilty

3

and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). We find that Moon's vague arguments fail to establish that ineffectiveness of counsel is apparent on the face of the record.

First, Moon does not state how the presentence report was inaccurate. Moreover, he ignores the fact that his sentence was not based on the Guideline range contained in the presentence report, but rather on the plea addendum that he executed with the Government pursuant to Fed. R. Crim. P. 11(c)(1)(C), which became binding on the sentencing court after it was accepted.[*] Finally, it is clear from the record that the sentencing court was made aware of Moon's health conditions by both Moon and his counsel prior to passing sentence. Thus, even if we found that counsel failed to meet his duty of care, Moon has failed to establish that the record demonstrates a reasonable probability that but for his counsel's errors, Moon would not have pled guilty. Accordingly, we conclude that Moon's assertions of ineffective assistance of counsel are not cognizable on direct appeal.

---

[*] Moon's presentence report recommended that he receive fifteen years to life; however, Moon's plea addendum effectively nullified this recommendation. Based on the terms of his plea addendum, and the Government's motion for a downward departure, Moon received less than half of the fifteen years recommended by his presentence report.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moon, in writing, of the right to petition the Supreme Court of the United States for further review. If Moon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>