**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4905**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

MATTHEW CHRISTOPHER SAVOY,

              Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   Thomas D. Schroeder, District Judge.  (1:08-cr-00272-TDS-3)

Submitted:  July 27, 2010          Decided:  August 4, 2010

Before TRAXLER, Chief Judge, and WILKINSON and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Christopher Savoy pled guilty pursuant to a written plea agreement to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006), and two counts of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii), (iii), (c)(i) (2006). He was sentenced to sixty-three months' imprisonment on the conspiracy conviction, a mandatory consecutive ten-year term on the first § 924(c) conviction and a mandatory consecutive twenty-five-year term on the second § 924(c) conviction, for a total of 483 months' imprisonment. Counsel for Savoy filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but asks the court to review whether counsel below was ineffective. Specifically, he asserts that counsel was untruthful, improperly allowed Savoy to plead guilty and be sentenced on two § 924(c) counts, and failed to obtain a sentence reduction for Savoy. Although informed of his right to do so, Savoy has not filed a pro se supplemental brief. We affirm.

Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195

2

F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, generally claims of ineffective assistance should be brought in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). After reviewing the record, we find that it does not conclusively establish ineffective assistance. Therefore, Savoy's claims of ineffective assistance are not cognizable on direct appeal.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Savoy, in writing, of his right to petition the Supreme Court of the United States for further review. If Savoy requests that such a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Savoy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED